ALEXANDER CRUIKSHANK, Appellant, *v.* JAMES COMYNS, Appellee.

APPEAL FROM RECORDER'S COURT OF THE CITY OF LASALLE.

If an action is brought by James Comeyns, upon a certificate of deposit given Jas. Cummins, proof should be made that the certificate was issued to the plaintiff. The words are not *idem sonans.*

If such certificate was to bear interest after notice, before interest could be recovered, proof of prior demand or notice should have been given.

A certificate, signed by A. B., teller, requires proof that A. B. was teller in the bank from which the certificate purports to have been issued.

THIS was an action upon a certificate of deposit, by appellee against appellant, brought before a justice of the peace, September 19th, 1859, and taken to the Recorder's Court of the city of LaSalle by appeal.

The transcript of the magistrate, filed with the clerk of Recorder's Court, shows the issuing of summons by magistrate, September 19th, 1859; service and return of summons by constable, September 20th, 1859; judgment before magistrate rendered September 24th, 1859, in favor of appellee, against appellant, for $53.75; issuing of execution by magistrate same day, on oath of appellee; delivery of execution to constable; appeal allowed to appellant, by magistrate, to Recorder's Court of the city of LaSalle; appeal bond with security approved; execution recalled; and that the transcript of judgment, papers, and certificate of deposit, were delivered to clerk of Recorder's Court, city of LaSalle.

Summons issued October 17th, 1859, to appellee, by the clerk of LaSalle Recorder's Court of the city of LaSalle; service, return, and filing same.

At January term, 1860, of the Recorder's Court of the city

of LaSalle, by agreement of parties, the cause was submitted to the court for trial without the intervention of a jury; the court, CHUMASERO, Judge, found in favor of appellee, for the sum of $64.50.

Motion for new trial by appellant was overruled by the court. Appeal prayed by appellant to Supreme Court, and allowed.

The errors assigned are, that the court erred in permitting certificate of deposit to James Cummins to be read in favor of James Comyns.

The court erred in permitting said certificate to be read in evidence, without proof that the person executing the same was authorized by plaintiff to do so.

Court erred in permitting certificate of deposit to be read in evidence without proof of demand for money.

Court erred in finding issues in favor of defendant.

Court erred in overruling motion for new trial.

Court rendered judgment for too much upon the proof adduced.

E. F. BULL, for Appellant.

D. L. HOUGH, for Appellee.

BREESE, J. The record in this case shows a suit brought, and a recovery had, on the following paper:

BANKING OFFICE OF ALEXANDER CRUIKSHANK, }
$53.75. *Peru, Ill., September 5th,* 1859. }

Jas. Cummins, Esq., has deposited in this office the sum of fifty-three 75-100 dollars, currency, to the credit of himself, and subject to his order on return of this certificate, payable in like funds, with interest, at six per cent. per annum, if ten days' notice is given. F. GUNTHER, *Teller.*

The suit is in the name of James Comyns, and no proof that he is the person to whom and for whom the certificate was issued. The words are not *idem sonans,* and therefore proof should have been made that they are one and the same person. It may be that the jury could infer that Comyns is the same name as Cummins, from the pronunciation.

There was no proof that a prior demand of the money, and an offer to surrender the certificate, had been made ten days before suit was brought, or that ten days' notice was given that the money would be demanded.

It is the contract of the parties that this notice should be given, and no right to sue arose until such notice was given.

As to the objection that the certificate, signed by Gunther, teller, is not evidence against Cruikshank, we have to say, that it should have been proved that Gunther was teller of the bank,

and his authority to issue such certificate would then be presumed.

The amount of the recovery is greater than the plaintiff would be entitled to, calculating interest upon the deposit for the whole time, up to the time of rendering the judgment. Six per cent. interest only could be claimed, but to recover that, ten days' notice should have been given. The judgment is reversed, and the cause remanded.

*Judgment reversed.*